CLD-278                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2136
_____

JUAN CARLOS ARBELAEZ-AGUDELO,
                                                            Appellant

v.

WARDEN DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-05654)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012
Before:  RENDELL, HARDIMAN AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2012)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Juan Carlos Arbelaez-Agudelo appeals the District Court's

dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241.  Arbelaez-Agudelo, a

federal prisoner, is currently serving a sentence imposed by the United States District

Court for the Eastern District of Michigan for conspiracy to possess with intent to

distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). The Sixth Circuit Court of Appeals upheld his sentence and conviction. United States v. Arbelaez-Agudelo, 19 Fed. Appx. 203 (6th Cir. 2001). In 2003, Arbelaez-Agudelo filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence; the motion was denied on the merits, and the judgment was affirmed by the Sixth Circuit. In 2009, Arbelaez-Agudelo filed a Motion for Modification of Sentence in which he claimed that his criminal history category had been miscalculated. The motion was determined to be a successive § 2255 motion and was transferred to the Sixth Circuit for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A); it was later dismissed for failure to prosecute.

Arbelaez-Agudelo filed the instant § 2241 petition in the United States District Court for the District of New Jersey, the jurisdiction in which he is confined. Arbelaez-Agudelo challenged the validity of his sentence on the ground that the District Court applied improper enhancements in determining his criminal history category. The District Court dismissed the petition after determining that it was an unauthorized second or successive petition pursuant to § 2244(a); this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Generally, the execution or carrying out of an initially valid confinement is the purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence

2

must be asserted under § 2255. See United States v. Hayman, 342 U.S. 205 (1952).

Arbelaez-Agudelo clearly seeks to attack the validity of his sentence, not its execution.[1]

Arbelaez-Agudelo may not pursue a collateral attack on his sentence by way of § 2241

unless he can show that "the remedy by § 2255 motion is inadequate or ineffective to test

the legality of his detention." 28 U.S.C. § 2255. It is clear that, under this "safety valve"

provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's

stringent gatekeeping requirements does not render § 2255 inadequate or ineffective.

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the exception is narrow, limited to

extraordinary circumstances such as where the petitioner "had no earlier opportunity" to

present his claims and has been convicted for conduct which is no longer deemed

criminal. Id.

Arbelaez-Agudelo reasons that he should be allowed to seek relief under § 2241

because he is "actually innocent of violating" U.S.S.G. § 4(A)(1.2)(a)(1), the

enhancement provision of the sentencing guidelines. At his sentencing, the United States

District Court for the Eastern District of Michigan assessed Arbelaez-Agudelo a criminal

history category of II. He maintains that the conviction which formed the basis for the

increase of his criminal history category was part of the charged conduct for which he

---

[1]As the District Court noted, he fails to assert claims that fall within the grounds permitted for second or successive § 2255 motions, as he neither relies on a new rule of constitutional law, nor, despite his claims to the contrary, any newly discovered evidence. See In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997) ("newly discovered evidence" refers to a "change in the underlying factual scenario").]

was sentenced, and that he should have been properly sentenced to a criminal history category of I.

This is clearly not a situation in which Arbelaez-Agudelo "had no earlier opportunity to challenge his conviction." Id. Indeed, he raised these very claims in his Motion for Modification of Sentence, but neglected to prosecute his petition. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251-252) (§ 2255's savings clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements"). We also reject the characterization of his claim as one of "actual innocence." Arbelaez-Agudelo merely asserts that the sentencing court miscalculated his criminal history. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Here, Arbelaez-Agudelo's claim that he is "actually innocent" is in fact a claim that he is technically "innocent" of a guidelines provision, which is far from the "exceptional circumstance" necessary to warrant consideration under § 2241. Dorsainvil, 119 F.3d at 250-251. We have explicitly rejected extension of the holding in Dorsainvil to such sentencing claims. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Gilbert v. United States, 640 F.3d 1293, 1312 (11th Cir. 2011) ("the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)").

4

Accordingly, because no "substantial question" is presented as to the dismissal of the § 2241 petition, we will summarily affirm the judgment of the District Court entered March 15, 2012. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.